**IN THE COURT OF APPEALS OF IOWA**

No. 15-1481
Filed October 28, 2015

**IN THE INTEREST OF H.V. and F.V.**
    **Minor Children,**

**K.T., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Lyon County, Robert J. Dull, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Timothy J. Kramer of Kramer Law Firm P.L.C., Sioux Center, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Shayne L. Mayer, County Attorney, for appellee.

Jenny L. Winterfeld of Klay, Veldhuizen, Bindner, De Jong, De Jong, Halverson & Winterfeld, P.L.C., Sioux Center, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother[1] appeals the termination of her parental rights to two children. She claims the juvenile court erred by not requiring the State to obtain modification of the child in need of assistance permanency orders before seeking termination of parental rights, termination is not in the children's best interests, and the court improperly overruled the mother's request to have the children testify at the termination hearing. We affirm.

We review de novo, proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2013). On appeal, the mother does not challenge the termination under 232.116(1)(f), but raises three alleged errors with the termination proceeding.

First, she claims the termination and permanency hearing should not have been combined. The mother did not raise this matter at the termination and permanency hearing below and as a result the juvenile court did not have an opportunity to address this matter, therefore error has not been preserved. *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 20–21 (Iowa 2013) ("Our error preservation rules provide that error is preserved for appellate review when a

---

[1] The father's parental rights were also terminated but he does not appeal.

party raises an issue and the district court rules on it."). As we have previously ruled, (even if error was preserved) our statutory scheme does not bar holding a concurrent permanency and termination hearing. *See In re D.S.*, No. 15-0071, 2015 WL 4936334, at *1 (Iowa Ct. App. Aug. 19, 2015).

Second, the mother claims termination is not in the children's best interests. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 37. The juvenile court reasoned:

> Since May of 2013 there has been no contact between the girls and their mother and not since they were *"very young"* with their father. In fact, the situation has remained virtually unchanged with two exceptions. The first, the girls no longer want a return to their mother's custody and, in fact, are fearful of such. Second, the service providers/therapists now concur that termination of parental rights is in the girls' best interest. The Court further notes reunification has not been contemplated for years and that neither parent has truly demonstrated any desire for reunification during that time or, in fact, a desire to be involved in the girls' lives. Finally, given the desires and adoptability of the girls, termination is the only appropriate avenue to provide emotional stability for the girls and is in their best interest.

We agree with the juvenile court and find termination of the mother's parental rights is in the children's best interests.

Finally, the mother claims the juvenile court improperly overruled the mother's request for the children to testify at the termination/permanency hearing. The mother has not provided any citation to support her claim, therefore we find her claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite

authority in support of an issue may be deemed waiver of that issue."). Even if this issue were properly before this court, we find the ruling of the juvenile court to be appropriate in barring the children from testifying.

We affirm the juvenile court order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**